**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

AMELIA LAKES CONDOMINIUM
ASSOCIATION, INC.,

                  Plaintiff,

vs.                                      Case No. 3:13-cv-1204-J-32MCR

AMELIA INVEST, LLC; HARBOR
CONTRACTING COMPANY, INC.;
LIBERTY INSURANCE
CORPORATION,

                  Defendants.

_____

<u>**ORDER**</u>

      This case is before the Court on plaintiff Amelia Lakes Condominium Association's Motion to Remand (Doc. 5) and defendant Liberty Insurance Corporation's ("Liberty") Response (Doc. 10). Plaintiff contends this case should be remanded because Liberty removed without obtaining the consent of the other defendants.

**I.    Background**

      On April 29, 2010, plaintiff filed a complaint against defendants Amelia Invest, LLC, ("Amelia Invest") and Harbor Contracting Company, Inc., in the Circuit Court of the Fourth Judicial Circuit for Nassau County, Florida.[1] (Doc. 1-3). Plaintiff asserted nine claims, including breach of implied warranty and fraudulent non-disclosure, all relating to the construction and purchase of condominium units. (Doc. 1-3). After the state court entered

_____

[1] Plaintiff states that it filed suit on March 25, 2010 (Doc. 5 p.1), but the state court docket sheet shows that the original complaint was filed on April 29, 2010 (Doc. 1-2).

a Final Summary Judgment against Harbor Contracting Company, Inc., plaintiff filed a Second Amended Complaint, continuing its claims against Amelia Invest and adding a count for breach of contract against Liberty.  (Doc. 2).  Liberty asserts that it was served with the Amended Complaint on September 4, 2013 (Doc. 1 p.1).[2]

Liberty then filed a Notice of Removal in this Court on October 4, 2013.  (Doc. 1). Four days later Liberty filed an Amended Notice of Removal and Motion to Sever and Remand Non-Removable Claims (Doc. 3).  Plaintiff filed the present Motion to Remand (Doc. 5) and Liberty has responded (Doc. 10).  Liberty has also filed a Motion to Dismiss (Doc. 7), to which plaintiff has filed a Response (Doc. 11).

## II.    Analysis

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing both the existence of jurisdiction and compliance with the procedural requirements for removal.  Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002).  Here, Liberty removed based on diversity jurisdiction, and plaintiff does not contest that the parties are diverse and the amount in controversy exceeds $75,000.[3]  The only issue, therefore, is whether Liberty has satisfied the procedural requirements for removal.

---

[2] The state court docket sheet shows that the summons was issued on September 3, 2013.  However, plaintiff does not contest defendant's assertion that it actually received the Amended Complaint on September 4.

[3] Plaintiff also does not contest that the case was initially removable.

Before discussing the issue of whether Liberty could remove without obtaining the consent of the other defendants, the Court should first note that plaintiff has asserted that Liberty's Amended Notice of Removal is untimely because Liberty filed it outside the thirty-day removal period under 28 U.S.C. § 1446. (Doc. 5 p. 3). The Court need not reach this issue because remand is required under both the original and the amended removal notices.

Although Liberty asserts diversity jurisdiction in both its original and amended Notice of Removal, it states different procedural arguments for why removal was effectuated properly. In the first Notice of Removal, Liberty states that removal is governed by 28 U.S.C. § 1446 as the statute existed in 2010 because plaintiff commenced the state-court action in 2010. Liberty then asserts that under the 2010 statute, Liberty did not need to obtain the consent of the other defendants to remove the case. (Doc. 1 p. 3).

In the Amended Notice of Removal, Liberty instead asserts that only the claims against it are removable as a separate and independent action, and plaintiff's claims against Amelia Invest should be remanded to state court. (Doc. 3 p. 3). Liberty argues that plaintiff's claim for third party beneficiary breach of contract (filed after the state court entered summary judgment against Harbor) is really a post-judgment action in which Liberty is the sole defendant, and thus consent from other defendants is not needed.

Though the statutory requirement for unanimity of consent was not added until 2011, the Eleventh Circuit had previously established by well-settled precedent that all defendants must unanimously consent to removal.[4] See Smith v. Health Ctr. Of Lake City, Inc., 252 F.

---

[4]Thus, the result here would not change even if plaintiff is right that the 2010 version of the removal statute applies.

3

Supp. 2d 1336, 1338 (M.D. Fla. 2003) (citing Russell Corp. v. Am. Home Assur Co., 264 F.3d 1040, 1049 (11th Cir. 2001)).  "[A]lthough there is no express statutory requirement [pre-2011] for joinder or consent by co-defendants, the Eleventh Circuit, along with numerous district courts[,] agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c)." Jones v. Florida Dep't of Children and Family Servs., 202 F. Supp. 2d 1352, 1354 (S.D. Fla. 2002) (citing In Re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd., 3 F.3d 353, 355-56 (11th Cir. 1993)).  This does not prevent a later-served defendant from removing a case when the first-served defendant did not choose to remove, but "only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal."  Bailey v. Janssen Pharmaceutical, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008).

Traditionally there are three exceptions to the unanimity requirement: (1) the non-consenting defendant had not been served with process at the time the notice of removal was filed; (2) the non-consenting defendant is a nominal or formal defendant; (3) removal is pursuant to 1441(c). Dudley v. Provident Sec., Inc., No. 8:13-cv-2160-T-33TBM, 2013 WL 5566184, at *2 (M.D. Fla. Oct. 8, 2013) (citing Bradwell v. Silk Greenhouse, Inc., 828 F. Supp. 940, 943 n.2 (M.D. Fla. 1993)).[5]  The first two exceptions do not appear to be applicable here (and Liberty has not alleged that they are).  The third exception is also not applicable because Liberty predicated removal on diversity jurisdiction, and in 2010, 28

---

[5] Parties that are fraudulently joined to defeat jurisdiction are also exempted from the rule. English v. Unum Life In. Co. Of America, No. 6:10-cv-00318-JA-GJK, 2010 WL 3269794, at *4 (M.D. Fla. June 21, 2010).

U.S.C. § 1441 only allowed removal of a "separate and independent claim" if federal-question jurisdiction existed under 28 U.S.C. § 1331(c).[6] <u>Watson v. General Elec., Inc.</u>, No. CV-12-S-2661-NE, 2012 WL 5931884, at *7 (N.D. Ala. Nov. 26, 2012) ("Congress provided no such exception [to the consent requirement] when, as here, the claims asserted against [a later-added defendant] are state law claims that form the basis of diversity jurisdiction.").

Liberty cites to cases holding that a post-judgment bad-faith claim against an insurance company may be separately removable as an independent claim, but in addition to being inapposite, none of those cases hold that a defendant may remove without unanimous consent.[7] Additionally, it appears that Liberty actually knew it needed the consent of at least one other defendant.[8] According to the Declaration by Amelia Invest's attorney, Michael Fackler, counsel for Liberty contacted Fackler on October 4, 2013, asking for Amelia Invest's consent to removal. (Doc. 6-1). Fackler states that he specifically told Liberty's counsel that his client would not consent. (Doc. 6-1). Liberty then filed its Notice of Removal that same day.

---

[6] The current version of § 1441(c) still only allows removal and severance of claims when there is federal-question jurisdiction; it simply uses different language to state the requirement.

[7] The claim against Liberty is for breach of contract, not bad faith. Liberty's argument is even less persuasive when Liberty tries to characterize plaintiff's claim as a "post-judgment action" based on the entry of summary judgment against Harbor, (Doc. 10 p. 1), and then on the same page states that "Liberty contends the alleged final judgment is not a final order or judgment at all . . ." (Doc. 10 p. 1).

[8] It is not clear what defendant Harbor's status is in the litigation after the state court entered summary judgment against it. The issue is not relevant here because Liberty did not obtain the consent of co-defendant Amelia Invest, against whom plaintiff is still pursuing claims.

"Like all rules governing removal, [the] unanimity requirement must be strictly interpreted and enforced because of significant federalism concerns arising in the context of removal jurisdiction." Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001).  Unanimous consent was required here, and Liberty has not shown that it meets any exception to that requirement.

Plaintiff has also asked for its costs and attorney's fees incurred in bringing this Motion.  However, Liberty did not address this issue in its Response to the Motion.  Therefore, no later than **February 7, 2014**, defendant shall respond to plaintiff's request for costs and attorney's fees.  The Court will retain jurisdiction solely to decide this issue.

Accordingly, it is hereby

**ORDERED**:

Plaintiff's Motion to Remand (Doc. 5) is **GRANTED**.  The case is remanded to the Circuit Court of the Fourth Judicial Circuit for Nassau County, Florida.[9]  This Court shall retain jurisdiction solely to decide the issue of costs and attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of January, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

k.
Copies:
counsel of record

---

[9]Liberty's Motion to Dismiss (Doc. 7) remains pending and will be carried with the case back to state court.

6